MANATT, PHELPS & PHILLIPS, LLP
JILL M. PIETRINI (Bar No. CA 138335)
  e-mail: jpietrini@manatt.com
PAUL A. BOST (Bar No. CA 261531)
  e-mail: pbost@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Plaintiff*
MERCURY INSURANCE SERVICES, LLC

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MERCURY INSURANCE SERVICES, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MERCURY INSURANCE GROUP, INC., a South Carolina corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV-10-6351 CAS (JEMx)<br><br>**[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION** |

IT IS HEREBY STIPULATED by and between plaintiff Mercury Insurance Services, LLC, a California limited liability company ("Mercury Insurance"), and Defendant Mercury Insurance Group, Inc., a South Carolina corporation ("MIG"), that a Judgment shall be entered to fully and finally dispose of this civil action and that the Judgment be as follows:

WHEREAS, on August 25, 2010, Mercury Insurance filed its Complaint in this civil action against MIG;

| | |
|---|---|
| 1 | WHEREAS, in the Complaint, Mercury Insurance alleged that it is the owner |
| 2 | of the following registered and/or common law trademarks and service marks |
| 3 | (collectively "the MERCURY Marks"): |
| 4 |     a.    MERCURY INSURANCE COMPANY, which is the subject of |
| 5 | U.S. Trademark Reg. No. 3,273,138, for insurance services, namely insurance |
| 6 | underwriting services in the field of property and casualty insurance; and insurance |
| 7 | agencies; |
| 8 |     b.    MERCURY INDEMNITY CO., which is the subject of U.S. |
| 9 | Trademark Reg. No. 2,939,082, for insurance services, namely insurance |
| 10 | underwriting services in the field of property and casualty insurance; and insurance |
| 11 | agencies; |
| 12 |     c.    MERCURY INSURANCE GROUP, which is the subject of |
| 13 | U.S. Trademark Reg. No. 3,273,137, for insurance services, namely insurance |
| 14 | underwriting services in the field of property and casualty insurance; and insurance |
| 15 | agencies; |
| 16 |     d.    MERCURY NATIONAL INSURANCE COMPANY, which is |
| 17 | the subject of U.S. Trademark Reg. No. 3,550,527, for insurance services, namely, |
| 18 | insurance underwriting services in the field of property and casualty insurance; and |
| 19 | insurance agencies; |
| 20 |     e.    MERCURY CASUALTY COMPANY, which is the subject of |
| 21 | U.S. Trademark Reg. No. 3,273,140, for insurance services, namely insurance |
| 22 | underwriting services in the field of property and casualty insurance; and insurance |
| 23 | agencies; |
| 24 |     f.    MERCURY INSURANCE GROUP & Design, which is the |
| 25 | subject of U.S. Trademark Reg. No. 2,827,104, for insurance services, namely |
| 26 | insurance underwriting services and insurance agency services in the field of |
| 27 | property and casualty insurance, and which includes the following design element: |
| 28 | |



g. The M Design, which is the subject of U.S. Trademark Reg. No. 2,785,829, for insurance services, namely insurance underwriting services and insurance agency services in the field of property and casualty insurance, and which consists of the following design element (which is referred to herein as the "M Design"):



h. The common law marks MERCURY, MERCURY INSURANCE COMPANY, MERCURY INDEMNITY CO., MERCURY INSURANCE GROUP, MERCURY NATIONAL INSURANCE COMPANY, MERCURY CASUALTY COMPANY, MERCURY INSURANCE GROUP & Design, and the M Design as used in the commercial field of insurance services;

WHEREAS, in the Complaint, Mercury Insurance sought damages and injunctive relief for trademark infringement, federal trademark dilution, false designation of origin, common law trademark infringement and unfair competition with respect to MIG's use, without the consent of Mercury Insurance, of words and designs in interstate commerce in the field of insurance underwriting that Mercury Insurance alleged were confusingly similar to the MERCURY Marks;

WHEREAS, on September 16, 2010, MIG filed its answer to the Complaint, wherein it denied the allegations material to Mercury Insurance's claims and raised affirmative defenses;

WHEREAS, Mercury Insurance and MIG have entered into a settlement agreement (the "Settlement Agreement") with the mutual intention of resolving all disputes between them which arise from the allegations of the Complaint;

WHEREAS, this Court has jurisdiction over the subject matter of this

controversy pursuant to 15 U.S.C. § 1121(a) (Lanham Act jurisdiction), 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (trademark jurisdiction);

THE COURT HEREBY ORDERS, ADJUDGES AND DECREES:

1. <u>Permanent Injunction</u>. MIG and its past and present officers, directors, servants, employees, partners, parent entities, subsidiaries, affiliates, representatives, licensees, related companies, shareholders, successors, assigns, attorneys and agents, and all persons in active concert or participation with MIG or with any of the foregoing, are hereby permanently enjoined from:

    a. Promoting, importing, advertising, publicizing, distributing, displaying, offering for sale or selling any good or service under the mark MERCURY or any of the MERCURY Marks or the word MERCURY or the M Design, or any other mark, name, symbol or logo which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any good or service that MIG caused to enter the stream of commerce is sponsored, licensed or endorsed by Mercury Insurance, is authorized by Mercury Insurance, or is connected or affiliated in some way with or endorsed by Mercury Insurance;

    b. Promoting, importing, advertising, publicizing, distributing, displaying, offering for sale or selling any good or service under any of the MERCURY Marks or any other mark, name, symbol or logo that is a copy or colorable imitation of, which incorporates or which is confusingly similar to any of the MERCURY Marks;

    c. Offering, selling, promoting, displaying, advertising or publicizing any goods or services under any of the MERCURY Marks or any other design, mark, name, symbol or logo which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that MIG's businesses, goods or services are sponsored or endorsed or authorized by Mercury Insurance or are connected or affiliated in some way with or endorsed by Mercury Insurance;

4

| | |
|---|---|
| 1 |       d.    Falsely implying Mercury Insurance's endorsement of |
| 2 | MIG's commercial activities or goods or services; |

          e.    Engaging in any act or series of acts which, either alone or in combination, constitutes unfair competition with Mercury Insurance and/or otherwise interfering with or injuring any of the MERCURY Marks or the goodwill associated therewith;

          f.    Engaging in any act which dilutes or is likely to dilute the distinctiveness of any of the MERCURY Marks or which injures or is likely to injure Mercury Insurance's business reputation;

          g.    Representing or implying that MIG is in any way sponsored by, affiliated with, endorsed by or licensed by Mercury Insurance; and

          h.    Assisting, inducing, aiding or abetting any person or business entity in engaging in or performing any of the activities referred to in sub-paragraphs (a) to (g), inclusive, above.

      2.    <u>Name Change</u>.  Within ten court days of the Court's entry of this Judgment, to the extent not already completed, MIG shall change the corporate and/or business name of MIG and shall cause MIG, and/or its successor(s), to operate and hold itself out under a name which does not include the word MERCURY, the M Design or any name, word, symbol, logo, color or combination thereof confusingly similar to any of the MERCURY Marks.

      3.    <u>Destruction of Infringing Articles</u>.  Within ten court days of entry of this Judgment, and to the extent not already completed, MIG shall: (a) destroy all movable physical objects (including, without limitation, flyers, newsletters, calendars or other promotional items) which incorporate the word MERCURY; (b) delete or alter all electronic media under its custody, control, or possession (including, without limitation, all web pages, metatags, keywords, metadata, Google AdWords, search terms, search engine optimization terms and the like) so as to remove all instances of the word MERCURY; and (c) destroy, erase,

repaint or alter all immovable physical objects, if any, so as to remove all uses of the word MERCURY.

    4.    <u>Redirection and Transfer of Domain Name</u>.  In accordance with the schedule set forth in the Settlement Agreement, MIG shall identify to Mercury all domain names it owns incorporating the MERCURY mark ("the MIG Domain Names") and cause the website or websites at the MIG Domain Names to be redirected to MIG's new website, at a domain name that does not incorporate the MERCURY mark ("the Redirection Period").  At the expiration of the Redirection Period, MIG shall transfer ownership of the MIG Domain Names to Mercury Insurance.  Specifically, Mercury Insurance shall request the transfer of the MIG Domain Names through the domain name registrar, and MIG shall accept the transfer request within the time requirements of the registrar.  If there are any other procedures required to transfer the MIG Domain Names, MIG shall cooperate immediately to effect the transfer of those domain names.

    5.    <u>Proof of Compliance</u>. Within fifteen court days of entry of this Judgment, MIG shall serve upon Mercury Insurance a declaration under penalty of perjury that it has complied with the terms of this Judgment, including the destruction of infringing articles and change of its corporate name.

    6.    <u>Violation of Judgment – Contempt of Court</u>.  In the event that any part of this Judgment is violated by MIG, or by any of its present or former officers, directors, agents, servants, employees, shareholders, partners or representatives, or by any person in active concert and participation with MIG that receives notice of this Judgment, Mercury Insurance may file and serve a motion for contempt seeking damages, attorneys' fees and/or other appropriate relief.

    7.    <u>Violation of Judgment -- Prevailing Party Fees and Costs</u>.  In an action or proceeding based upon an allegation that a party has violated this Judgment, the prevailing party shall be entitled to recover all of its reasonable attorneys' fees, expert witness fees and other costs incurred in connection with the

action or proceeding. This paragraph shall not be construed to limit either party's rights, remedies or procedural options.

8. <u>No Admission of Liability</u>. By stipulating to this Judgment, MIG does not admit liability for or the validity of any of Mercury Insurance's claims.

9. <u>Binding Effect</u>. This Judgment shall be binding upon and inure to the benefit of the parties and all successors, assigns, parent entities, subsidiaries, officers, directors, shareholders, agents, affiliates, and all entities which are "related companies" within the meaning of 15 U.S.C. § 1055, and on all persons that receive notice of this Judgment.

10. <u>Continuing Jurisdiction</u>. This Court shall retain jurisdiction to enforce this Judgment and the Settlement Agreement.

11. <u>No Territorial Limit</u>. This Judgment shall be enforceable against MIG for any acts that violate this Judgment that occur inside and/or outside of the United States of America.

12. <u>Final Judgment</u>. This Judgment shall be a final adjudication of all claims alleged by Mercury Insurance in this civil action, and this Judgment is not appealable.

IT IS SO ORDERED:

Dated: July 27, 2011

*Christina A. Snyder*
HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT COURT

*Approved as to content and form:*

MERCURY INSURANCE SERVICES, LLC
*Plaintiff*


By:_____  Date: _____
Name:_____
Title:_____


MERCURY INSURANCE GROUP, INC.
*Defendant*


By:_____  Date: _____
Name:_____
Title:_____


*Approved as to form:*

MANATT, PHELPS & PHILLIPS, LLP


By:_____  Date: _____
    Jill M. Pietrini
    *Attorneys for Plaintiff*
    Mercury Insurance Services, LLC


WILSON SONSINI GOODRICH & ROSATI


By:_____  Date: _____
    John L. Slafsky
    *Attorneys for Defendant*
    Mercury Insurance Group, Inc.

300265117.1